UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA MCDANIEL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants. | No.  2:15-cv-937-MCE-KJN PS<br><br><br>ORDER AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

　　　　Plaintiff Tanya McDaniel, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)[1]  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  Also, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue.  See <u>United Investors Life Ins. Co. v. Waddell & Reed Inc.</u>, 360 F.3d 960, 967 (9th Cir. 2004).  For the reasons discussed below, the court recommends that the action be dismissed for lack of subject matter jurisdiction pursuant to the substantiality

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

doctrine, and that the request to proceed *in forma pauperis* be denied.

"Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider." Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (citing Hagans v. Lavine, 415 U.S. 528, 536-39 (1974)). "The claim must be 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits.'" Id. (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)); see also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

In this case, plaintiff's complaint is rambling and confusing. However, liberally construed, the complaint appears to allege that plaintiff, a multiracial disabled woman, was subjected on numerous occasions between 2008 and the present to harassment by various individuals and groups of University of California, Davis ("U.C. Davis") students and staff, more specifically by way of loitering, littering, gang-affiliated parties, cyberbullying, yelling, use of profanities (calling plaintiff "psycho," the "N" word, and a "harry Jew monkey"), gossiping, slandering, tormenting, and stalking plaintiff with Aggie flyers outside plaintiff's relative's apartment and other locations on and off the U.C. Davis campus in the City of Davis, particularly on weekends and on Picnic Day. Plaintiff claims that those persons have not respected policies by U.C. Davis or the City of Davis prohibiting rowdiness and unruly behavior, and protecting the "special rights of humanity." Nevertheless, according to plaintiff, the City of Davis, U.C. Davis, U.C. Davis Chancellor Linda Katehi, and U.C. President Janet Napolitano (who plaintiff alleges is a former NSA military representative and has military authority) essentially ignored plaintiff's complaints. (See generally ECF No. 1.)

The complaint also appears to attribute the alleged harassment to some type of scheme or conspiracy involving a "NSA military presence (fusion)" and a "FCC" (presumably referring to

2

the Federal Communications Commission) presence in the City of Davis:

> making witchcraft against the Plaintiff with efforts to torment her. As if "Big Bertha" isn't enough! The NSA knows all about that Big Bertha. A programmer of citizens in society that seeks to place the "mark of the Beast" upon society in their efforts to deceive and usher in New World Order with idiot and false "so called movements" that are leading to the demise of civilization. Essentially. Or perhaps some of the many harassments have stemmed from a society of celebrities, whom the Plaintiff dated retired Raider Lester Hayes some years ago, and the Plaintiff has celebrity (illuminati) relatives, whom are not close relatives to the Plaintiff. Yet, certainly don't mind the Scandal that has been placed upon her.

(ECF No. 1 at 8.)

Plaintiff's complaint purportedly asserts causes of action for violation of her Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983, violation of the ADA, intentional infliction of emotional distress, harassment, violation of the California Code of Civil Procedure, violation of proper business ethics pursuant to the Better Business Bureau, violation of federal and California university rules and regulations, violation of UCD policies, and "equitable tolling rights to relief" against defendants United States of America, U.C. Davis, U.C. Davis Chancellor Linda Katehi, the City of Davis, U.C. President Janet Napolitano, the NSA, and the FCC. (ECF No. 1 at 1, 9-11.) Plaintiff seeks damages in the sum of $1,500,000.00; punitive damages in the sum of $3,000,000.00; injunctive and equitable relief; and attorneys' fees and costs. (Id. at 11-12.)

Because plaintiff's allegations are fanciful, delusional, implausible, and completely devoid of merit, the court finds plaintiff's claims to be so insubstantial as to not involve a federal controversy within the jurisdiction of this court. Plaintiff fails to allege any plausible constitutional violations or violations of federal law by the named defendants which could potentially support non-frivolous claims invoking the jurisdiction of this court.[2] Even though the

---

[2] The court notes that the complaint also contains passing references to allegedly harassing interactions plaintiff had with the Davis Police Department. However, those interactions are already the subject of prior pending lawsuits filed by plaintiff against the Davis Police Department, the City of Davis, and individual police officers. (See McDaniel v. Powell et al., 2:13-cv-2653-MCE-AC, ECF No. 31; McDaniel v. United States et al., 2:14-cv-2213-TLN-EFB, ECF No. 5.) Any claims based on those interactions must be pursued in plaintiff's prior lawsuits.

1 court would ordinarily grant a pro se litigant leave to amend to correct any deficiencies, the nature
2 of plaintiff's claims and allegations in this case demonstrates that granting leave to amend would
3 be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).  Therefore, the
4 court recommends dismissal of the action without leave to amend.
5     Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED that:
6     1. The action be dismissed for lack of subject matter jurisdiction pursuant to the
7        substantiality doctrine.
8     2. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be denied.
9     In light of the above recommendations, IT IS ALSO HEREBY ORDERED that all
10 pleading, discovery, and motion practice in this action are stayed pending resolution of the
11 findings and recommendations.  Other than objections to the findings and recommendations and
12 non-frivolous motions of an emergency nature, the court will not entertain or respond to any
13 motions, pleadings, or other filings until the findings and recommendations have been resolved.
14     These findings and recommendations are submitted to the United States District Judge
15 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
16 days after being served with these findings and recommendations, any party may file written
17 objections with the court and serve a copy on all parties.  Such a document should be captioned
18 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
19 shall be served on all parties and filed with the court within fourteen (14) days after service of the
20 objections.  The parties are advised that failure to file objections within the specified time may
21 waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th
22 Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).
23     IT IS SO ORDERED AND RECOMMENDED.
24 Dated:  July 24, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4